**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF** | **101 WEST LOMBARD STREET** |
| **J. Mark Coulson** | **BALTIMORE, MARYLAND 21201** |
| **UNITED STATES MAGISTRATE JUDGE** | **P:(410) 962-4953 — F:(410) 962-2985** |

April 29, 2026

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:   *Carla H. v. Frank Bisignano,*[1] *Acting Commissioner, Social Security Administration*
       Civil No. 1:21-cv-1664

Dear Counsel:

John E. Moran[2] has filed a motion for attorney's fees pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b), resulting from his representation of Plaintiff before the Court. (ECF No. 38). Defendant does not oppose or support Mr. Moran's motion but asks this Court to consider whether the request is reasonable. (ECF No. 40). The Court finds that no hearing is necessary pursuant to Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Mr. Moran's motion for attorney's fees is GRANTED.

November 20, 2024, this Court awarded Mr. Moran $16,229.65 for work performed on Plaintiff's case pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 36). Plaintiff subsequently received an award notice, in which she was awarded $186,144.92 in past due benefits. (ECF No. 38-3 at 7).[3] Thereafter, Mr. Moran filed a Motion for Attorney's Fees seeking $46,536.23, which is 25% of Plaintiff's past due benefits. (ECF No. 38-1 at 3). Mr. Moran has agreed to reimburse Plaintiff for the $16,229.65 in EAJA fees already received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a

---

[1] Plaintiff originally filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on July 6, 2021. (ECF No. 1). As Frank Bisignano became the Commissioner of Social Security on May 6, 2025, he has been substituted as this case's Defendant. See Fed. R. Civ. P. 25(d).

[2] Mr. Moran filed the present motion for fees on behalf of himself and the Law Offices of Charles E. Binder and Harry J. Binder, LLP. (ECF No. 38).

[3] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

1

reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id*. at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id*. (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, the Law Offices of Charles E. Binder & Harry J. Binder entered into a contingent fee agreement, by which Plaintiff agreed to pay the firm twenty-five percent of all retroactive benefits to which she might become entitled. (ECF No. 38-3). He further represents that Mr. Moran, Mr. Charles E. Binder, and Mr. Daniel S. Jones worked a total of 78.30 hours worked on the case. *Id.* at 3. If Mr. Moran receives the full amount of fees he requests, his fee for representation before this Court will effectively total $594.33 per hour. Mr. Moran must therefore show that an effective rate of $594.33 per hour is reasonable for the services he rendered.

Notably, Mr. Moran, Mr. Binder, and Mr. Jones obtained excellent results for their client, resulting in an award of $186,144.92 in retroactive benefits after extensive briefing. Courts in the Fourth Circuit have routinely approved contingency fee agreements that produce higher hourly rates in successful Social Security appeals. *See, e.g., Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with effective hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with effective hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160, 2016 U.S. Dist. LEXIS 186022 (D. Md. July 7, 2016) (approving contingency fee agreement with effective hourly rate of $1,028.14.

Accordingly, the Court GRANTS Mr. Moran's motion seeking attorney's fees (ECF No. 38). This Court will award Mr. Moran attorney's fees totaling $46,536.23 constituting twenty-five percent of Plaintiff's total past-due benefits. Mr. Moran is directed to reimburse Plaintiff the fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an Opinion and Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge